IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01514-ZLW

DANA COOPER,

Plaintiff,

v.

MARIE LEIBA, and
BRIAN WEBSTER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the Objection to Order of Dismissal that Plaintiff, Dana Cooper, a *pro se* prisoner litigant, filed on August 12, 2010. Mr. Cooper seeks reconsideration of the Order entered on July 29, 2010, dismissing the instant action. The Court must construe the Objection liberally because Mr. Cooper is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Objection as a Motion to Reconsider and will deny the Motion.

The Court dismissed the action with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) finding that Mr. Cooper raised identical causes of action in *Cooper v. Belcher, et al.*, No. 08-cv-01599-CMA-KMT (D. Colo. Filed July 29, 2008) (Consolidated with 08-cv-02536-CMA-KMT; 09-cv-00662-CMA-KMT; 09-cv-00667-CMA-KMT; 09-cv-00754-CMA; and 09-cv-00961-CMA).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Objection was filed on August 12, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe Mr. Cooper's Objection as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). In the Motion to Reconsider, Mr. Cooper argues that he did not raise the alleged sexual molestation claim against Defendants Leiba and Webster in Case No. 08-cv-01599-CMA.

2

The Court has reviewed the Consolidated Complaint, Doc. No. 113-1, that Mr. Cooper filed in Case No. 08-cv-01599-CMA. On Page Twenty-Eight of the Consolidated Complaint, in Claim Three, Mr. Cooper refers to the retaliatory and harassing acts that were committed against him in January through March of 2008. In support of this claim, Mr. Cooper attached a copy of a grievance he filed on February 27, 2008, with prison staff that addresses Defendant Leiba's alleged sexual molestation of Mr. Cooper. Case No. 08-cv-01599-CMA, Doc. No. 113-2 at 16. At the top of the grievance form Mr. Cooper has written "Exhibit A From Claim Three." Although Mr. Cooper does not assert any allegations against Mr. Webster in the grievance or on Page Twenty-Eight of the Consolidated Complaint, by asserting the claim against Defendant Webster in a new action Mr. Cooper attempts to circumvent the order entered in Case No. 08-cv-01599-CMA directing him to amend the complaint. The court in Case No. 08-cv-01599 instructed Mr. Cooper to amend and include "all of his factual allegations against all of the appropriate defendants into a common, operative pleading." Case No. 08-cv-01599 at Doc. No. 94. Mr. Cooper filed a consolidated complaint and included a claim that pertained to his alleged sexual molestation by Defendant Leiba. Filing this action is an attempt by Mr. Cooper to circumvent the court's order in Case No. 08-cv-01599. Mr. Cooper's claim against Defendant Webster also is incredible, especially because Mr. Cooper did not include any reference to Defendant Webster in the grievance he submitted to the DOC staff regarding the alleged incident. Furthermore, as stated in the July 28 Order of Dismissal, the claim may be barred by the statute of limitations.

Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Cooper fails to demonstrate some reason why the Court should alter or amend the July 29 Order of Dismissal in this action. The Motion to Reconsider, therefore, will be denied. Accordingly, it is

ORDERED that Mr. Cooper's Objection (Doc. No. 9) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this __23rd__ day of __August__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01514-ZLW

Dana Cooper
Prisoner No. 135056
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/23/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk